Alfred ABDO, Jr., d/b/a American Tax Planning Company, Plaintiff

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**United States Internal Revenue Service, Counter–Claimant**

v.

**Alfred Abdo, Jr., d/b/a American Tax Planning Company, Counter–Defendant.**

**No. 1:01CV00098.**

United States District Court, M.D. North Carolina.

May 25, 2001.

Jonathan Fonati Koffa, Zebulon, NC, for plaintiff.

Alfred Abdo, Jr., Winston-Salem, NC, pro se.

Dara B. Oliphant, U.S. Dept. of Justice, Washington, DC, Evan J. Davis, Teresa D. Trissell, Department of Justice, Washington, DC, for defendant.

### ORDER and PRELIMINARY INJUNCTION

BULLOCK, District Judge.

This matter is before the court on Defendant and Counterclaim Plaintiff United States' motion for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The court held a hearing on the motion on May 23, 2001, at which time the Plaintiff and Counterclaim Defendant Alfred Abdo, Jr., d/b/a American Tax Planning Company, consented to the preliminary injunction proposed by the United States.

■ In *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.,* 550 F.2d 189 (4th Cir.1977), the Fourth Circuit identified four factors, known as the balance-of-hardships test, which must be analyzed in determining whether to issue a preliminary injunction. These factors are: (1) the likelihood of irreparable harm to the movant without the injunction; (2) the likelihood of harm to the non-movant with the injunction; (3) the movant's likelihood of success on the merits; and (4) the public interest. The court has reviewed the affidavits and exhibits submitted by the United States, the provisions of the Internal Revenue Code relevant to the issues in this case, decisions of the United States Supreme Court and other federal courts construing these provisions, and other applicable law, and finds that all four factors favor the issuance of an injunction in this case. Specifically, the court finds that there is a likelihood of irreparable injury to the United States as a result of the Plaintiff and Counterclaim Defendant Abdo's conduct; that there is little likelihood of harm to Abdo if the injunction is issued; that the United States has made a strong showing of likelihood of success on the merits, and that the public interest favors the issuance of a preliminary injunction.

### I. *Likelihood of Irreparable Harm to the United States*

■ In the absence of a preliminary injunction, the United States will likely be irreparably harmed by Abdo's conduct in preparing and filing federal income tax returns that include the unsubstantiated position that Internal Revenue Code (IRC) § 3121(a) excludes from wages, and therefore from gross income, Social Security taxes withheld from wages. The identified irreparable harm results from the Internal Revenue Service's (IRS) current inability to detect and track returns prepared by Abdo. This inability leads to the likelihood that some amended returns prepared or filed would not be identified by the IRS and therefore some taxpayers would receive erroneous refunds. The United States may never retrieve these erroneous refunds, and therefore will be irreparably harmed. In addition, the United States will be irreparably harmed because the IRS will be required to devote substantial resources to identifying manually tax returns prepared or filed by Abdo.

Abdo has also failed to provide a list of his clients to the IRS upon request as required by IRC § 6107(b). This will cause irreparable harm to the United States because the IRS cannot identify all allegedly frivolous tax returns prepared by Abdo without the list. If the IRS cannot identify these tax returns, it cannot collect any erroneous refunds issued to taxpayers.

In the absence of a preliminary injunction, Abdo's efforts to influence or intimidate his clients will irreparably harm the tax system and the public. Abdo has represented to his clients that the IRS is lying to them and that they should not cooperate with the IRS. This impedes the IRS in its efforts to enforce the tax laws. Abdo has also threatened to sue clients for breach of

contract if they cooperate with the IRS by withdrawing their amended returns, or if they admit liability and pay any assessed penalties. This interference also harms Abdo's clients because the IRS could assess frivolous-return penalties against taxpayers who refuse to withdraw frivolous returns.

Abdo's written materials and website contain misleading and false statements that will likely deceive the public. Specifically, Abdo's statements that paying taxes is voluntary, and that he can assist people to pay as little taxes as they want, including no tax at all, are misleading and false commercial speech. Taxpayers who read this information could be misled into thinking they do not need to pay taxes or file federal income tax returns, even if otherwise required to do so, thus subjecting themselves to substantial penalties.

## II.  Likelihood of Harm to Abdo

■ Abdo will not suffer irreparable harm if the preliminary injunction is issued. The order will prohibit Abdo from asserting his unsubstantiated contention that IRC § 3121(a) excludes from wages, and therefore from gross income, Social Security taxes withheld from wages, and making other false, misleading, and intimidating statements to clients, thereby protecting his clients from further penalties. The injunction will also prohibit Abdo from guaranteeing the payment of any tax refund, a representation which is expressly subject to injunction under IRC § 7407(b)(1)(C). Abdo will not be harmed from a prohibition preventing him from discouraging his clients from cooperating with the IRS, or by representing himself as a certified public accountant, which he has admitted he is not. Neither will Abdo be harmed by being required to provide the Department of Justice with an additional copy of every amended return or other document filed with the IRS, which will allow the Department of Justice to monitor compliance with the preliminary injunction. Finally, Abdo will not be harmed by providing the United States with a list of his clients since January 1, 1998, since this list is required by IRC § 6107(b).

## III.  Likelihood the United States will Succeed on the Merits

■ The United States has made a strong showing of likelihood of success on the merits. Abdo's conduct may be subject to penalty under IRC §§ 6694, 6695, 6700, and 6701, thereby justifying the imposition of an injunction under Sections 7402, 7407, and 7408. The potentially violative conduct includes: guaranteeing tax refunds; failing to produce a list of his clients; repeatedly asserting an unsubstantiated position concerning the excludability of Social Security taxes from wages, and therefore from gross income; threatening to sue clients if they cooperate with the IRS or revoke their returns; making false and unsubstantiated statements about the Internal Revenue laws in written materials and on his website, including an assertion that payment of income taxes is voluntary; and signing a document representing himself as a certified public accountant.

## IV.  Public Interest

■ The United States has presented evidence showing that the public interest will be served by granting a preliminary injunction in this case. Abdo has continued to submit amended tax returns that include the unsubstantiated Section 3121(a) position, even after the IRS has assessed frivolous-return penalties against clients on whose behalf Abdo filed amended returns asserting that argument. A failure to enjoin such conduct could result

in many more taxpayers being misled by Abdo's false and unsubstantiated contentions, thereby subjecting such taxpayers to emotional distress, monetary penalties, and legal expenses.

For the foregoing reasons, the court will grant the Defendant and Counter-claim Plaintiff United States' motion for a preliminary injunction, and

**IT IS HEREBY ORDERED** that, during the pendency of this action, Alfred Abdo, Jr., and American Tax Planning Co. and their agents and those acting in concert with them are **ENJOINED** from:

(1) preparing or filing individual federal income tax returns on behalf of themselves or any other person or entity that contain a deduction, exemption, or exclusion from wages or gross income any Social Security taxes withheld or paid;

(2) guaranteeing the payment of any tax refund or the allowance of any tax credit;

(3) falsely claiming or representing that Abdo is a certified public accountant;

(4) threatening to sue or otherwise intimidating clients if they cooperate with the United States, revoke positions taken on amended tax returns, or admit liability or pay any frivolous-return penalties assessed against them as a consequence of filing tax returns asserting Abdo's IRC § 3121(a) position;

(5) disseminating materials or making statements, written, oral, or electronic that have the tendency to make the public believe that (a) paying income taxes is voluntary, (b) income taxes do not go to pay for Government services, (c) taxes are a voluntary contribution, (d) advertising that they will indemnify all clients up to $10,000.00 for representation before the IRS and for any tax assessment made by the IRS through Abdo's professional liability insurance policy, (e) individuals can withdraw from voluntarily paying federal income taxes or that Abdo and American Tax Planning Co. can assist them in achieving this goal, (f) the law and the Fourth Amendment to the United States Constitution prohibit the IRS from requiring taxpayers to provide information, (g) wages are not subject to federal income taxes, and (h) there is no "gain" from exchanges of wages for labor and therefore that wages are not "income."

**IT IS FURTHER ORDERED** that, during the pendency of this action, Abdo **SHALL SIMULTANEOUSLY MAIL** to counsel for the United States, at the address listed on the notice of substitution of counsel, a copy of every federal income tax return or other document that Abdo prepares or sends to the IRS on behalf of any other person; and that Abdo and American Tax Planning Co. **SHALL PROVIDE** a complete list of their clients from January 1, 1998, through May 24, 2001, by sending a copy by certified mail to the address listed on the notice of substitution of counsel by May 30, 2001.